**ANDERSON BANTA CLARKSON PLLC**
48 NORTH MACDONALD
MESA, ARIZONA 85201
TELEPHONE (480) 788-3053

Adam C. Anderson/024314
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA
## PHOENIX DIVISION

| | |
|---|---|
| TARYN LOPEZ, | ) |
| | ) Case No. |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **COMPLAINT AND** |
| TRANS UNION, LLC, | ) **JURY DEMAND** |
| EXPERIAN INFORMATION | ) |
| SOLUTIONS, INC., AMERICAN HONDA | ) |
| FINANCE CORPORATION, | ) |
| WELLS FARGO DEALER SERVICES, | ) |
| and USAA FEDERAL SAVINGS BANK, | ) |
| | ) |
| Defendants. | ) |

NOW COMES the Plaintiff, TARYN LOPEZ, by and through his attorneys, ANDERSON BANTA CLARKSON PLLC, and for his complaint against Defendants, TRANS UNION, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., AMERICAN HONDA FINANCE CORPORATION, WELLS FARGO DEALER SERVICES, **and** USAA FEDERAL SAVINGS BANK, Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681, et. seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the Fair Credit Reporting Act 15 U.S.C. §1681, et. seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. TARYN LOPEZ, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Phoenix, County of Maricopa, State of Arizona.

5. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692(a)(3) and 15 U.S.C. §1681a(c).

6. TRANS UNION, LLC, (hereinafter, "Trans Union"), is a business entity that regularly conducts business throughout every state and county in the United States and as a corporation that does business in the state of Arizona is a citizen of the state of Arizona.

7. At all relevant times Trans Union was a "person" as that term is defined by 15 U.S.C. §1681a(b).

8. At all relevant times Trans Union was a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

9. EXPERIAN INFORMATION SOLUTIONS, INC., (hereinafter, "Experian"), is a business entity that regularly conducts business throughout every state and county in the

United States and as a corporation that does business in the state of Arizona, is a citizen of the state of Arizona.

10. At all relevant times Experian was a "person" as that term is defined by 15 U.S.C. §1681a(b).

11. At all relevant times Experian was a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

12. AMERICAN HONDA FINANCE CORPORATION, (hereinafter, "American Honda"), is a business entity that regularly conducts business throughout every state and county in the United States and as a corporation that does business in the state of Arizona, is a citizen of the state of Arizona.

13. At all relevant times American Honda was a "person" as that term is defined by 15 U.S.C. §1681a(b).

14. At all relevant times American Honda was a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

15. WELLS FARGO DEALER SERVICES, (hereinafter, "Wells Fargo"), is a business entity that regularly conducts business throughout every state and county in the United States and as a corporation that does business in the state of Arizona, is a citizen of the state of Arizona.

16. At all relevant times Wells Fargo was a "person" as that term is defined by 15 U.S.C. §1681a(b).

17. At all relevant times Wells Fargo was a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

18. USAA FEDERAL SAVINGS BANK, (hereinafter, "USAA"), is a business entity that regularly conducts business throughout every state and county in the United States and as a corporation that does business in the state of Arizona, is a citizen of the state of Arizona.

19. At all relevant times USAA was a "person" as that term is defined by 15 U.S.C. §1681a(b).

20. At all relevant times USAA was a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

### IV.   ALLEGATIONS

### COUNT I: TARYN LOPEZ v. TRANS UNION, LLC

21. At all relevant times, credit reports as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

22. Trans Union has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereinafter the "inaccurate information").

23. The inaccurate information of which Plaintiff complains are accounts, or trade-lines, named American Honda Finance and Wells Fargo.

24. Specifically, Plaintiff asserts that he did not incur these debts but rather these debts were incurred resulting from a theft of Plaintiff's identity.

25. Despite the foregoing, Trans Union has disseminated credit reports and/or information that the accounts are his debts and charged off.

26.     The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

27.     The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

28.     In or around January 2016, and multiple occasions thereafter, Plaintiff disputed the inaccurate information with Trans Union by written communication to its representatives and by following Trans Union's established procedure for disputing consumer credit information.

29.     Furthermore, Plaintiff enclosed with his written dispute to Trans Union documents and other information that either proved that the disputed information contained within his credit report was inaccurate or, at the very least, provided evidence that supported Plaintiff's contentions that the disputed information was inaccurate.

30.     Upon information and belief, within five (5) days of Plaintiff disputing the inaccurate information with Trans Union, Trans Union notified Wells Fargo and American Honda Finance of Plaintiff's dispute and the nature of the dispute.

31.     Upon information and belief, within five (5) days of Plaintiff disputing the inaccurate information with Trans Union, Wells Fargo and American Honda Finance received notification from Equifax of Plaintiff's dispute and the nature of the dispute.

32.     Upon information and belief, Trans Union received the results of Wells Fargo's and American Honda Finance's investigation as to Plaintiff's dispute.

33. Upon information and belief, Trans Union updated the reporting of the account(s) at issue solely based upon the information it received from Wells Fargo and American Honda Finance in response to Plaintiff's dispute.

34. Despite Plaintiff's efforts to date, Trans Union has nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information, has failed to note the disputed status of the inaccurate information and has continued to report the derogatory inaccurate information about Plaintiff.

35. Plaintiff has been damaged, and continues to be damaged, in the following ways:

    a. Denial of attempts to open bank account and application for loan with credit union;

    b. Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;

    c. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

    d. Denial of credit, loans, financing and/or other damages, not yet known by Plaintiff; and,

    e. Decreased credit score which may result in inability to obtain credit on future attempts.

36. At all times pertinent hereto, Trans Union was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Trans Union.

37. At all times pertinent hereto, the conduct of Trans Union, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

38. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Trans Union is liable to Plaintiff for engaging in the following conduct:

   a. Willfully or negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. §1681i(a);

   b. Willfully or negligently failing to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

   c. Willfully or negligently failing to review and consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

   d. Willfully or negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a);

   e. Willfully or negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

39. The conduct of Trans Union was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Trans Union is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

WHEREFORE, Plaintiff, TARYN LOPEZ, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against TRANS UNION, LLC, as follows:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages of $1,000.00;

    c.    Punitive damages;

    d.    Plaintiff's attorneys' fees and costs; and,

    e.    Any other relief deemed appropriate by this Honorable Court.

**COUNT II: TARYN LOPEZ v. EXPERIAN INFORMATION SOLUTIONS, INC.**

40. Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

41. At all relevant times, credit reports as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

42. Experian has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereinafter the "inaccurate information").

43. The inaccurate information of which Plaintiff complains are accounts, or trade-lines, named American Honda Finance, Wells Fargo, and USAA Federal Savings Bank.

44. Specifically, Plaintiff asserts that he did not incur these debts but rather these debts were incurred resulting from a theft of Plaintiff's identity.

45. Despite the foregoing, Experian has disseminated credit reports and/or information that the accounts are his debts and in collections.

46. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

47. The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

48. In or around January 2016, and multiple occasions thereafter, Plaintiff disputed the inaccurate information with Experian by written communication to its representatives and by following Experian's established procedure for disputing consumer credit information.

49. Furthermore, Plaintiff enclosed with his written dispute to Experian documents and other information that either proved that the disputed information contained within his credit report was inaccurate or, at the very least, provided evidence that supported Plaintiff's contentions that the disputed information was inaccurate.

50. Upon information and belief, within five (5) days of Plaintiff disputing the inaccurate information with Experian, Experian notified American Honda Finance, Wells Fargo, and USAA Federal Savings Bank of Plaintiff's dispute and the nature of the dispute.

51. Upon information and belief, within five (5) days of Plaintiff of Plaintiff disputing the inaccurate information with Experian, American Honda Finance, Wells Fargo, and USAA Federal Savings Bank received notification from Equifax of Plaintiff's dispute and the nature of the dispute.

52. Upon information and belief, Experian received the results of American Honda Finance, Wells Fargo, and USAA Federal Savings Bank's investigation as to Plaintiff's dispute.

53. Upon information and belief, Experian updated the reporting of the account(s) at issued solely based upon the information it received from American Honda Finance, Wells Fargo, and USAA Federal Savings Bank in response to Plaintiff's dispute.

54. Despite Plaintiff's efforts to date, Experian has nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information, has failed to note the disputed status of the inaccurate information and has continued to report the derogatory inaccurate information about Plaintiff.

55. Plaintiff has been damaged, and continues to be damaged, in the following ways:

    a. Denial of attempts to open bank account and application for loan with credit union;

    b. Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;

    c. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

    d. Denial of credit, loans, financing and/or other damages, not yet known by Plaintiff; and,

    e. Decreased credit score which may result in inability to obtain credit on future attempts.

56. At all times pertinent hereto, Experian was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Experian.

57. At all times pertinent hereto, the conduct of Experian, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

58. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Experian is liable to Plaintiff for engaging in the following conduct:

   a. Willfully or negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. §1681i(a);

   b. Willfully or negligently failing to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

   c. Willfully or negligently failing to review and consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

   d. Willfully or negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a);

   e. Willfully or negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

59. The conduct of Experian was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Experian is liable to Plaintiff for the full amount

of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

WHEREFORE, Plaintiff, TARYN LOPEZ, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against EXPERIAN INFORMATION SOLUTIONS, INC., as follows:

   a. All actual compensatory damages suffered;

   b. Statutory damages of $1,000.00;

   c. Punitive damages;

   d. Plaintiff's attorneys' fees and costs; and,

   e. Any other relief deemed appropriate by this Honorable Court.

**COUNT III: TARYN LOPEZ v. AMERICAN HONDA FINANCE CORPORATION**

60. American Honda violated sections 1681n and 1681o of the FCRA by engaging in the following conduct, which violates 15 U.S.C. §1681s-2(b):

   a. willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed upon receiving notice of the dispute of the consumer from Trans Union and Experian;

   b. willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to by Trans Union and Experian;

   c. willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

   d. willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

   e. willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiff to

      credit reporting agencies and other entities despite knowing that said information was inaccurate;

    f. willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2.

61. American Honda's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, American Honda is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

WHEREFORE, Plaintiff, TARYN LOPEZ, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against AMERICAN HONDA FINANCE CORPORATION as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Punitive damages;

    d. Plaintiff's attorneys' fees and costs; and,

    e. Any other relief deemed appropriate by this Honorable Court.

### COUNT IV: TARYN LOPEZ v. WELLS FARGO DEALER SERVICES FOR VIOLATIONS OF THE FCRA

62. Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

63. Wells Fargo violated sections 1681n and 1681o of the FCRA by engaging in the following conduct, which violates 15 U.S.C. §1681s-2(b):

    a. willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed upon receiving notice of the dispute of the consumer from Trans Union and Experian;

    b. willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to by Trans Union and Experian;

    c. willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

    d. willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

    e. willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate;

    f. willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2.

64. Wells Fargo's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Wells Fargo is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

WHEREFORE, Plaintiff, TARYN LOPEZ, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against WELLS FARGO DEALER SERVICES as follows:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages of $1,000.00;

    c.    Punitive damages;

      d.      Plaintiff's attorneys' fees and costs; and,

      e.      Any other relief deemed appropriate by this Honorable Court.

### COUNT V: TARYN LOPEZ v. USAA FEDERAL SAVINGS BANK, FOR VIOLATIONS OF THE FCRA

65. Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

66. USAA violated sections 1681n and 1681o of the FCRA by engaging in the following conduct, which violates 15 U.S.C. §1681s-2(b):

    a. willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed upon receiving notice of the dispute of the consumer from Experian;

    b. willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to by Experian;

    c. willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

    d. willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

    e. willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate;

    f. willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2.

67. USAA's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, USAA is liable to compensate Plaintiff for the full amount of

statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

WHEREFORE, Plaintiff, TARYN LOPEZ, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against USAA FEDERAL SAVINGS BANK as follows:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages of $1,000.00;

    c.    Punitive damages;

    d.    Plaintiff's attorneys' fees and costs; and,

    e.    Any other relief deemed appropriate by this Honorable Court.

## V.   **JURY DEMAND**

68.   Plaintiff hereby demands a trial by jury on all issues so triable.

**ANDERSON BANTA CLARKSON PLLC**

By   s/ Adam C. Anderson
    Adam C. Anderson
    48 North MacDonald Street
    Mesa, AZ  85201
    Attorney for Plaintiff